UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   23-8283 WM

UNITED STATES OF AMERICA

vs.

RASHAR LAMON'DRE HENRY,

    Defendant.
_____/

FILED BY _____SW_____ D.C.

Jun 1, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

**CRIMINAL COVER SHEET**

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek M. Maynard)? No.

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? No.

3. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By: *Adam C. McMichael*
Adam C. McMichael
Assistant United States Attorney
Southern District of Florida
500 S. Australian Avenue, Suite 400
West Palm Beach, FL 33401
Fla Bar No.: 0772321
Office: (561) 209-1040
Email: adam.mcmichael@usdoj.gov

AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) |
|  | ) Case No. 23-8283 WM |
| RASHAR LAMON'DRE HENRY, | ) |
|  | ) |
| *Defendant(s)* | ) |

FILED BY ____SW____ D.C.

Jun 1, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __May 19, 2023__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Possession of a firearm and ammunition by a prohibited person - convicted felon |

This criminal complaint is based on these facts:

See attached affidavit in support of criminal complaint

☑ Continued on the attached sheet.

*Complainant's signature*

Jemel Headings, Task Force Officer / ATF
*Printed name and title*

Sworn to and signed before me by
Telephone (Facetime) per
Fed. R. Crim. P. 4(d) & 4.1
.

Date: June 1, 2023

*Judge's signature*

City and state:   West Palm Beach, Florida      William Matthewman, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT
Case No. 23-8283 WM

I, Jemel Headings, first being duly sworn, do hereby depose and state as follows:

### INTRODUCTION

1.  I am currently employed as a law enforcement officer with the Riviera Beach Police Department and have been employed there since April 12, 2010. I currently hold the rank of Detective. I am also a sworn Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). I am currently assigned to the West Palm Beach Field Office in the Miami Field Division. Prior to my current position as a Police Officer, I was a Probation/Parole Officer for the State of Florida for approximately four years. I possess a bachelor's degree in Criminal Justice from Nova Southeastern University and graduated from the Palm Beach State College Police Academy in 2010.

2.  I submit this affidavit in support of a criminal complaint and arrest warrant for **RASHAR LAMON'DRE HENRY** (hereinafter "HENRY") charging him with possession of a firearm and ammunition by a prohibited person – convicted felon, in violation of Title 18, United States Code, Section 922(g)(1).

3.  This affidavit is based on my own personal knowledge of the facts and circumstances of the investigation, as well as information provided to me by other law enforcement officers. This affidavit does not contain all the information known to me about this investigation, rather it includes only the information necessary to establish probable cause.

### PROBABLE CAUSE

4.  On May 19, 2023, a police officer with the Riviera Beach Police Department observed a grey Chevrolet Malibu that had an inoperable tag light. The officer attempted to stop the vehicle using his emergency lights and siren in the 1000 block of Avenue J, within the City of

Riviera Beach and the Southern District of Florida. The Chevrolet Malibu did not pull over as directed and continued eastbound along West 10th Street. The vehicle then came to a stop at 800 West 10th Street.

5. HENRY was in the front passenger seat of the Chevrolet Malibu and quickly exited the car after it stopped. HENRY then began walking away from the police. A police officer gave HENRY several verbal commands to get on the ground, but HENRY failed to comply. Another police officer approached HENRY from behind and made eye contact with him as HENRY simultaneously turned and faced the officer. That second officer attempted to grab HENRY, but HENRY intentionally, actively, and forcefully pulled away. At that time, the officer saw a black and silver firearm fall onto the ground from HENRY's body. HENRY then ran and attempted to scale a wooden fence; however, he was apprehended while doing so.

6. The firearm was photographed in its original position and collected. The firearm was later determined to be a Colt, Model 1911, .45 caliber pistol that was fully loaded. While conducting a pat down search of HENRY, the police discovered a holster and an additional fully loaded Colt .45 caliber magazine.

7. ATF Special Agent Rubbo, who is an expert in firearms, examined the Colt .45 pistol and the ammunition seized by the officers in this case. Special Agent Rubbo determined the items were all manufactured outside the state of Florida, thus having affected interstate or foreign commerce.

8. HENRY is a convicted felon. More specifically, HENRY was convicted on or about February 12, 2020, in Palm Beach County of racketeering, shooting into a building, second-degree arson, carrying a concealed firearm, and grand theft of a motor vehicle. HENRY was sentenced to three years and six months in State prison.

**CONCLUSION**

9. Based on the foregoing, I submit there is probable cause to believe that HENRY did commit the criminal offense of possession of a firearm by a prohibited person, in violation of Title 18, United States Code, Section 922(g)(1).

FURTHER, YOUR AFFIANT SAYETH NAUGHT.

_____
Jemel Headings
Task Force Officer
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn and attested to me telephonically (via facetime)
by the applicant in accordance with the requirements
of Fed. R. Crim. P. 4.1 on this  1st   day of June 2023.

_____
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF FLORIDA

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

### CASE NO.  23-8283 WM

**Defendant's Name: RASHAR LAMON'DRE HENRY,**

| COUNT | VIOLATION | U.S. CODE | MAX. PENALTY |
|---|---|---|---|
| 1 | Possession of a Firearm and Ammunition by Prohibited Person – Convicted Felon | 18 U.S.C. § 922(g)(1) | 15 years' imprisonment<br>$250,000 fine<br>3 years' supervised release<br>$100 Special Assessment |